

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2006

# USA v. Rosario-Vazquez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4776

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rosario-Vazquez" (2006). *2006 Decisions.* Paper 480.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/480

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

———————

No. 05-4776

———————

UNITED STATES OF AMERICA

v.

LUIS ANGEL ROSARIO VAZQUEZ,

Appellant

———————

On Appeal from the District Court
of the Virgin Islands
(D.C. Criminal No. 03-cr-00053)
District Judge: Hon. Curtis V. Gomez

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2006

BEFORE: FISHER, COWEN and ROTH,* Circuit Judges

(Filed September 6, 2006)

———————

OPINION

———————

_____

*The Honorable Jane R. Roth assumed senior status on May 31, 2006.

COWEN, <u>Circuit Judge</u>.

Luis Angel Rosario-Vazquez appeals from a final Judgment and Commitment Order of the District Court of the Virgin Islands, Division of St. Thomas and St. John. His sole contention on appeal is that the District Court erred in denying his motion for recusal. For the reasons provided below, we will affirm.

## I.

Following Rosario-Vazquez's plea of guilty on drug conspiracy charges, the District Court held a sentencing hearing on March 9, 2005. The district judge who presided over the sentencing hearing was formerly a Deputy Criminal Chief in the United States Attorney's Office for the District of the Virgin Islands.

At the sentencing hearing, Rosario-Vazquez objected to the district judge presiding over the hearing because of his former supervisory role at the United States Attorney's Office. In response, the district judge stated that he did not have any active involvement in defendant's case while he served as the Deputy Criminal Chief, and, therefore, denied the motion to recuse.

On October 5, 2005, Rosario-Vazquez was sentenced to 121 months of imprisonment.

## II.

We review a district court's order denying a motion for recusal for an abuse of discretion. *United States v. Di Pasquale*, 864 F.2d 271, 278 (3d Cir. 1988).

Pursuant to 28 U.S.C. § 455(b)(3), a judge must disqualify himself "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." With regard to a judge who formerly served as a supervisory attorney in the United States Attorney's Office, we have stated that, "absent a *specific* showing that that judge was previously involved with a case while in the U.S. Attorney's office that he or she is later assigned to preside over as a judge, § 455(b)(3) does not mandate recusal." *Id*. at 279 (emphasis in original).

In the present case, there is no evidence in the record that the district judge who presided over the sentencing hearing actually participated in, or was involved with, the investigation or the prosecution of this case. Accordingly, we conclude that the District Court did not abuse its discretion in denying the oral motion for recusal.[1] We will therefore affirm the judgment of the District Court.

---

[1] For the same reason, we find recusal unnecessary under 28 U.S.C. § 455(a), which states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."